# Exhibit A



# Service of Process Transmittal

06/04/2019
CT Log Number 535608306

| | |
|---|---|
| **TO:** | Kevin Parks<br>Domino's Pizza LLC<br>30 Frank Lloyd Wright Dr<br>Ann Arbor, MI 48105-9757 |
| **RE:** | **Process Served in California** |
| **FOR:** | Domino's IP Holder LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | EGAL SHAHBAZ, PLTF. vs. Domino's IP Holder LLC, ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPLAINT, ATTACHMENT(S), ORDER, NOTICE |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # 19STLC04947 |
| **NATURE OF ACTION:** | Complaint Regarding for Violation of Civil Code Sections 54 and 54.1 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/04/2019 at 11:10 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | WITHIN 30 CALENDAR DAYS AFTER THIS SUMMONS AND LEGAL PAPERS ARE SERVED ON YOU |
| **ATTORNEY(S) / SENDER(S):** | JACOB A. SHAHBAZ<br>SHAHBAZ LAW GROUP, APC<br>15760 VENTURA BLVD. SUITE 860<br>ENCINO, CA 91436<br>818-510-0091 |
| **REMARKS:** | Due to the illegible condition of the enclosed documents, CT's transmittal may be incomplete. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/04/2019, Expected Purge Date: 06/09/2019<br><br>Image SOP<br><br>Email Notification,  Kevin Parks  kevin.parks@dominos.com<br><br>Email Notification,  Dawn Braker  dawn.braker@dominos.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / NM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Electronically FILED by Superior Court of California, County of Los Angeles on 05/23/2019 12:44 PM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Sino-Cruz, Deputy Clerk
19STLC04947

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** DOMINOS IP HOLDER LLC; and DOES 1-10,
*(AVISO AL DEMANDADO):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:** EGAL SHAHBAZ
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
LOS ANGELES SUPERIOR COURT
111 N. HILL STREET
LOS ANGELES, CA 90012

CASE NUMBER
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jacob A. Shahbaz, Esq., SBN 204669          (818) 510-0091   (818) 510-0091
SHAHBAZ LAW GROUP, APC
15760 Ventura Boulevard, #860
Encino, CA 91436

DATE: 05/23/2019
*(Fecha)*

Sherri R. Carter Executive Officer / Clerk of Court

Clerk, by _____ Victor Sino-Cruz _____, Deputy
*(Secretario)*                                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served



[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* DOMINOS IP HOLDER, LLC

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☒ other *(specify):* LLC

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

19STLC04947
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: James Blancarte

1 Jacob A. Shahbaz (SBN. 204669)
Shahbaz Law Group, APC
2 15760 Ventura Blvd. Suite 860
Encino, CA 91436
3 Telephone: (818) 510-0091
Facsimile: (818) 305-6222
4 Email: jacob@shahbazlaw.com

5 Attorneys for Plaintiff,
Egal Shahbaz

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## THE COUNTY OF LOS ANGELES

| | |
|---|---|
| EGAL SHAHBAZ, | Case No.: |
| Plaintiff, | VERIFIED COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF |
| vs. | |
| DOMINOS IP HOLDER LLC; and DOES 1-10, | |
| Defendants. | |

## FIRST CAUSE OF ACTION BY PLAINTIFF AGAINST ALL DEFENDANTS FOR VIOLATION OF CIVIL CODE SECTIONS 54 AND 54.1

1. Does 1-10 are sued pursuant to Code of Civil Procedure section 474.

2. At all times mentioned herein Defendants do business on the website known as www.DOMINOS.com.

3. At all times mentioned herein, Egal Shahbaz is disabled in that he suffers from brain cancer. Accordingly, he has been suffering from visually impairments.

1
VERIFIED COMPLAINT

4. Plaintiff has visited Defendant's public accommodation website and has been denied full us and enjoyment of the facilities, goods, and services available on the Website as a result of access barriers.

5. Through its Website, Defendant offers products for online sale and home delivery to the public.

6. Plaintiff is visually impaired and use screen reader software in order to access the internet and read website content.

7. Plaintiff has visited the Website and have been denied the full use and enjoyment of the facilities, goods, and services available on the Website as a result of access barriers.

8. The Website's barriers have previously denied Plaintiffs full and equal access to all of the services Defendant's Website offers, and now deter Plaintiffs from attempting to use Defendant's Website in the future.

9. Despite their permanent disabilities, Plaintiff is able and ready to visit Defendant's Website once it is made compliant. Plaintiffs' disabilities, and the challenges Plaintiffs face in physically traveling to and shopping in traditional brick-and-mortar retailers as a result of them, make it particularly likely that Plaintiffs will return to Defendant's Website in the future to purchase Defendant's goods from the comfort of their homes.

10. As a result of having visited Defendant's Website in the past, and of investigations performed on Plaintiffs' behalf, Plaintiffs are aware that Defendant's Website includes at least the following access barriers:

    a. A proper text equivalent for every non-text element is not provided;

b. Alternatives that present information in a way that sight or hearing-impaired visitors can use is not provided for audio-only or video-only pre-recorded media presentations;

c. Information about the meaning and structure of content is not conveyed by more than the visual presentation of content;

d. On pages where a user can move to a part of a page via the keyboard, the user is unable to move away from that part of the page using only the keyboard;

e. A mechanism is not always available to bypass blocks of content that are repeated on multiple web pages;

f. Web pages lack titles that describe their topic or purpose;

g. The purpose of each link cannot be determined from the link text alone or from the link text and its programmatically determined link context;

h. The default human language of each Web page cannot be programmatically determined;

i. Changing the setting of any user interface component may automatically cause a change of context unless the user has been informed before using the component;

j. Labels or instructions are not always provided when content requires user input;

k. In content implemented using markup languages, elements do not always have complete start and end tags, are nested according to their specifications, may contain duplicate attributes, and IDs are not always unique; and

11. If the Website were accessible, *i.e.* if Defendant removed these barriers, Plaintiff could independently shop for and research products via Defendant's Website.

12. Though Defendant has centralized policies regarding the maintenance and operation of its Website, Defendant has never had a plan or policy that is reasonably calculated to make its Website fully accessible to, and independently usable by, individuals with vision related disabilities. As a result, the complained of access barriers are permanent in nature and likely to persist.

13. Defendant's Website fails to comply with Web Content Accessibility Guidelines Version 2.0 ("WCAG 2.0 AA").

14. The law requires that Defendant's Website be accessible to Plaintiffs and others with visual disabilities. Removal of the barriers identified above is readily achievable and may be carried out without much difficulty or expense.

15. Removal of these barriers would make Defendant's Website accessible to Plaintiff allowing him to independently shop for and perform research via Defendant's Website.

16. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

17. Defendant's Websites are a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

18. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

4

VERIFIED COMPLAINT

19. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations, which is equal to the opportunities afforded to other individuals. 42 U.S.C. §12182(b)(1)(A)(ii).

20. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii); *see also* 28 C.F.R. § 36.303(a).

21. Title III requires that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). The regulation sets forth numerous examples of "auxiliary aids and services," including "...accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision." 28 C.F.R. § 36.303(b).

22. The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiffs, who are blind and have disabilities that substantially limit the major life activity of seeing within the meaning of 42 U.S.C. §§ 12102(1)(A) and (2)(A), have been denied full and equal access to the Website. Plaintiffs have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

23. Plaintiffs' claims are warranted by existing law or by non-frivolous argument [for] extending, modifying, or reversing existing law or for establishing new law.

24. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiffs request relief as set forth below.

## PRAYER

**WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST THE DEFENDANTS, AND EACH OF THEM, AS FOLLOWS:**

1. A minimum of $4,000.00 in statutory damages;
2. For treble damages;
3. For permanent injunctive relief;
4. For attorney's fees and costs;

///
///
///
///

5. For such other and further relief as to the Court seems just and proper.

Dated: May __, 2019

SHAHBAZ LAW GROUP, APC

Respectfully submitted,

By: _____
Jacob A. Shahbaz, Esq.
Attorneys for Plaintiff

## VERIFICATION

I, Egal Shahbaz, state and declare that I am the Plaintiff herein, and that I have read the foregoing **COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF** and know the contents thereof, and that the same is true of my knowledge, and as to these matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct on May 22, 2019 at Encino, California.

ES
_____
Egal Shahbaz

7

VERIFIED COMPLAINT

2018-SJ-008-00

**FILED**
Superior Court of California
County of Los Angeles

APR 18 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Civil Limited Jurisdiction Cases Calendared in Department 94 (Non-Collection Cases) | ) FIRST AMENDED STANDING ORDER<br>) (Effective as of April 23, 2018)<br>)<br>) |

**TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:**

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C."), and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE JANUARY 12, 2018 STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING STANDING ORDER THAT SHALL APPLY TO ALL LIMITED CIVIL (NON COLLECTION) CASES FILED AND/OR HEARD IN DEPARTMENT 94.

1. PLAINTIFF(S) IS/ARE <u>ORDERED TO SERVE A COPY OF THIS STANDING ORDER ON THE DEFENDANT(S) WITH COPIES OF THE SUMMONS AND COMPLAINT AND TO FILE PROOF OF SERVICE,</u> AS MANDATED IN THIS ORDER.

2. The Court sets the following trial date in this case in Department 94 (7th Floor, Room 723) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

> **TRIAL:** Order to Show Cause Re: Failure to File Proof of Service: 05/26/2022
> Non-Jury Trial: 11/19/2020
> Date:_____ at 8:30 a.m.

---
1
**FIRST AMENDED STANDING ORDER**
CIVIL LIMITED JURISDICTION CASES CALENDARED IN DEPT. 94 (NON COLLECTION CASES)

## SERVICE OF SUMMONS AND COMPLAINT

3.  The trial date set forth above is conditioned on the defendant(s) being served with the summons and complaint <u>within six (6) months of the filing of the complaint.</u> The trial date may be continued to a later date if service is not accomplished within six months. The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six months of the filing of the original complaint.

4.  The summons and complaint shall be served upon the defendant(s) within <u>three years</u> after the complaint is filed in this action. (C.C.P., § 583.210, subd. (a).) Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date. (C.C.P., § 581, subd. (g).) The dismissal without prejudice as to the unserved parties for this case shall be effective on the following date:

**UNSERVED PARTIES DISMISSAL DATE**

_____

5.  No case management, mandatory settlement or final status conferences will be conducted in this case.

## LAW AND MOTION

6.  All regularly noticed pretrial motions will be heard in Department 94 on Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m. A motion will be heard only if a party reserves a hearing date by going to the court's website at www.lacourt.org and reserving it through the Court Reservation System ("CRS") accessed via the "Divisions" tab at the top of the webpage, in the "Civil" Division section. All motions should be filed at the filing window on the first floor of the Stanley Mosk Courthouse and filed and served in accordance with C.C.P., § 1005, subd. (b), and all other relevant statutes.

///

2018-SJ-008-00

7. <u>Tentative Rulings</u> may be posted on the Court's internet site no later than the day prior to the hearing. To access tentative rulings, parties may go to www.lacourt.org, select "Civil" Division from the Divisions" tab at the top of the webpage, then click on "Tentative Rulings," and then type the case number in the box and click "Search."

### EX PARTE APPLICATIONS

8. Ex parte applications must be noticed for 1:30 p.m. in Department 94 and filed and served in accordance with C.R.C., Rules 3.1201-3.1207. All ex parte application fees must be paid by 1:00 p.m. at the filing window on the first floor of the Stanley Mosk Courthouse.

### JURY FEES

9. The fees for jury trial shall be due no later than 365 calendar days after the filing of the initial complaint, or as otherwise provided by C.C.P., § 631, subds. (b) and (c).

### STIPULATION TO CONTINUE TRIAL

10. A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date. If the stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be filed in Department 94. A proposed order shall be lodged along with the stipulation. The Stipulation and Order should be filed in Room 118 of the Stanley Mosk Courthouse with the required filing fees.

### TRIAL

11. Parties are to appear on the trial date ready to go to trial, and must meet and confer on all pretrial matters at least 20 calendar days before the trial date. On the date of trial, the parties shall bring with them to Department 94 a three-ring binder with a table of contents containing conformed copies of each of the following documents behind a separate tab.

    1) Printed copies of the Current Operative Pleadings (including the operative complaint; answer; cross-complaint, if any; and answer to cross-complaint);

    2) Motions in Limine, if any, which must be served and filed in accordance with the Local Rules, Rule 3.57;

    3) Joint Statement of the Case (if a jury trial);

///

2018-SJ-008-00

4) Joint Witness List disclosing an offer of proof regarding the testimony of each witness, the time expected for testimony of each witness, the total time expected for all witnesses, and the need, if any, for an interpreter;

5) Joint Exhibit List;

6) Printed and Edited Joint Proposed Jury Instructions (if a jury trial), and

7) Printed Joint Proposed Verdict Form(s) (if a jury trial).

The parties shall also bring a second binder containing the Joint Exhibits in an Exhibit Book numbered appropriately.

**FAILURE TO PROVIDE ANY OF THE AFOREMENTIONED DOCUMENTS ON THE TRIAL DATE MAY CAUSE A DELAY IN THE CASE BEING ASSIGNED TO A TRIAL COURT.**

GOOD CAUSE APPEARING THEREFOR, IT IS ORDERED.

Dated: April 18, 2018

DEBRE K. WEINTRAUB
Supervising Judge, Civil
Los Angeles Superior Court

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**05/23/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: Victor Sino-Cruz  Deputy |
| PLAINTIFF(S):<br>EGAL SHAHBAZ | |
| DEFENDANT(S):<br>DOMINOS IP HOLDER LLC | |
| **NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE** | CASE NUMBER:<br>19STLC04947 |

Case is assigned for all purposes to the judicial officer indicated below. Notice given to Plaintiff / Cross-Complainant / Attorney of Record on ___05/23/2019___.

| | ASSIGNED JUDGE | DEPARTMENT | ROOM |
|---|---|---|---|
| | James E. Blancarte | 94 | |

Sherri R. Carter, Executive Officer / Clerk of Court

By Victor Sino-Cruz_____, Deputy Clerk

### Instructions for Handling Limited Civil Cases

The following critical provisions, as applicable in the Los Angeles Superior Court are cited for your information.
**PRIORITY OVER OTHER RULES:** The priority of Chapter Seven of the LASC Local Rules over other inconsistent Local Rules is set forth in Rule 7.2© thereof.
**CHALLENGE TO ASSIGNED JUDGE:** To the extent set forth therein, Government Code section 68616(i) and Local Rule 2.5 control the timing of Code of Civil Procedure section 170.6 challenges.
**TIME STANDARDS: The time standards may be extended by the court only upon a showing of good cause. (Cal. Rules of Court, rule 3.110.) Failure to meet time standards may result in the imposition of sanctions. (Local Rule 3.37.)**
Except for collections cases pursuant to California Rules of Court, rule 3.740, cases assigned to the Individual Calendar Court will be subject to processing under the following time standards:
**COMPLAINTS:** All complaints shall be served and the proof of service filed within 60 days after filing of the complaint.
**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints against parties new to the action must be served and the proof of service filed within 30 days after the filing of the cross-complaint. A cross-complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. (Code Civ. Proc., § 428.50.)
**DEFAULTS** (Local Rule 9.10): If a responsive pleading is not served within the time to respond and no extension of time has been granted, the plaintiff must file a Request for Entry of Default within 10 days after the time for service has elapsed. Failure to timely file the Request for Entry of Default may result in an Order to Show Cause being issued as to why sanctions should not be imposed. The plaintiff must request default judgment on the defaulting defendants within 40 days after entry of default.
**NOTICED MOTIONS:** All regularly noticed motions will be calendared through the assigned department. Each motion date must be separately reserved and filed with appropriate fees for each motion. Motions for Summary Judgment must be identified at the time of reservations. All motions should be filed in the clerk's office.
**EX PARTE MATTERS:** All ex parte applications should be noticed for the courtroom.
**UNINSURED MOTORISTS CLAIMS:** Delay Reduction Rules do not apply to uninsured motorist claims. The plaintiff must file a Notice of Designation with the Court identifying the case as an uninsured motorist claim under Insurance Code section 11580.2.

**NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE**

LACIV ____ 001 (Rev. [03/17])
LASC Approved 09-04

GEN-16-Limited Jurisdiction Portal-PI

**FILED**
Superior Court of California
County of Los Angeles

JUN 29 2016

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Limited Jurisdiction Civil Cases Calendared in the Los Angeles County Superior Court | GENERAL ORDER RE LIMITED JURISDICTION CIVIL PROCEDURES: NOTICE OF WEB PORTAL AVAILABILITY FOR INTERPRETER REQUESTS (Effective July 11, 2016) |

TO EACH PARTY:

In order to expedite the availability of interpreters at hearings on limited jurisdiction civil cases, IT IS HEREBY ORDERED that each limited jurisdiction civil plaintiff shall, along with the complaint and other required documents, serve all named defendants with the *Notice of the Availability of Web Portal for Interpreter Requests*; this notice informs the litigants that the Los Angeles County Superior Court provides interpreter services in limited jurisdiction civil cases at no cost to parties with limited English proficiency and that Spanish language interpreters are available in courtrooms where limited jurisdiction civil hearings are held. The notice will be provided to the plaintiff at the time the limited jurisdiction civil action is filed, if filed at the clerk's office, and will also be posted on the Los Angeles County Superior Court internet website (http://www.lacourt.org/). Plaintiff(s) must then indicate service of the *Notice of Availability of Web Portal for Interpreter Requests* on line 2(f) of the Proof of Service of Summons form (POS-010).

Effective immediately, this General Order is to remain in effect until otherwise ordered by the Presiding Judge.

DATED: June 29, 2016

CAROLYN B. KUHL
Presiding Judge

GENERAL ORDER – LIMITED JURISDICTION CIVIL PORTAL

Notice of Availability of Limited Civil Jurisdiction Web Portal for Interpreter Requests

The Los Angeles Superior Court provides interpreter services at no cost to parties with limited English proficiency in Limited Civil Jurisdiction hearings. Spanish interpreters are available at all courthouse locations. Therefore, it is not necessary to request a Spanish language interpreter in advance. If you require a Spanish interpreter, please let the courtroom staff know about your need on the day of your hearing. Limited English proficient individuals who speak a language other than Spanish may request an interpreter in advance of their court hearing via the Court's Web Portal for Interpreter Requests (URL). While the Court will make every effort to locate an interpreter for the date and time of your hearing, it cannot guarantee that one will be immediately available. If you have general questions about language access services, please contact us at LanguageAccess@LACOURT.org.

Ծանուցագիր սահմանափակ իրավասության քաղաքացիական գործերով թարգմանչական ծառայության խնդրանք ներկայացնելու համար նախատեսված առցանց դարպասի առկայության մասին

Լոս Անջելեսի Առաջին ատյանի դատարանն անվճար թարգմանչական ծառայություններ է տրամադրում սահմանափակ իրավասության քաղաքացիական վարույթների՝ անգլերենի սահմանափակ իմացություն ունեցող կողմերին։ Իսպաներենի թարգմանչի առկայությունը բոլոր դատարաններում ապահովված է։ Ուստի, իսպաներենի թարգմանչի հայտ նախօրոք ներկայացնել անհրաժեշտ չէ։ Եթե իսպաներենի թարգմանչի կարիք ունեք, ապա խնդրում ենք այդ մասին Ձեր լսման օրը տեղեկացնել դատարանի դահլիճի անձնակազմին։ Անգլերենի սահմանափակ իմացություն ունեցող անձինք, ովքեր խոսում են իսպաներենից բացի այլ մեկ այլ լեզվով, կարող են թարգմանչի խնդրանքը ներկայացնել նախօրոք՝ նախքան իրենց լսման օրը, Դատարանի՝ Թարգմանչական ծառայության խնդրանքների համար նախատեսված առցանց դարպասի միջոցով (URL)։ Թեև դատարանն ամեն ինչ կանի Ձեր լսման օրն ու ժամին թարգմանչի ներկայություն ապահովելու համար, սակայն դատարանը չի երաշխավորում, որ նման ներկայություն անմիջապես հնարավոր կլինի ապահովել։ Լեզվական մատչելիության ծառայություններին վերաբերող հարցերով խնդրում ենք դիմել LanguageAccess@LACOURT.org:

关于小额索赔传译员申请门户的可用性通知

在小额索赔庭审中，洛杉矶高等法院为英语能力有限的各方人士提供免费传译员服务。在举行小额索赔庭审的所有法庭中，均有现成的西班牙语传译员。如果您需要西班牙语传译员，请在您的庭审当日将您的需求告知法庭工作人员。在庭审前，英语能力有限的非西班牙语人士可通过法院的传译员申请网络门户(URL)提前申请传译员。法院会尽力按您的庭审日期和时间安排传译员，但法院无法保证能够即时提供传译员。如果您有关于语言服务的疑问，请联系 LanguageAccess@LACourt.org

통역사 신청을 위한 소액 청구 웹 포털 이용 통지

로스앤젤레스 상급법원은 소액 청구 심리에서 영어가 능숙하시지 않은 당사자들에 대해 통역 서비스를 무료로 제공합니다. 스페인어 통역사는 소액 청구 심리가 열리는 모든 법정에서 손쉽게 제공할 수 있습니다. 스페인어 통역사가 필요한 경우에는 심리가 열리는 날에 법정 직원에게 알려 주십시오. 스페인어가 아닌 다른 언어를 사용하고 영어가 능숙하지 않은 개인들은 통역사 신청을 위한 법원 웹 포털을 통해서 재판일 전에 통역사를 신청할 수 있습니다(URL). 법원은 심리 날짜와 시간에 통역사를 찾기 위해 모든 노력을 기울일 것이나, 통역사를 즉시 제공한다는 것을 보장할 수 없습니다. 언어 접근 서비스에 대한 질문이 있으시면, 다음의 이메일 주소로 연락해 주십시오: LanguageAccess@LACourt.org.

Aviso de disponibilidad del Portal web para jurisdicción limitada civil para solicitar intérpretes

La corte superior de Los Ángeles brinda servicios de intérprete sin cargo para audiencias de jurisdicción limitada civil a las partes que tienen conocimientos limitados de inglés. Se dispone de intérpretes de español en todos los juzgados. Por lo tanto, no es necesario pedir un intérprete de español por adelantado. Si necesita un intérprete de español, infórmele al personal de la sala del juzgado el día de su audiencia. Los individuos con conocimientos limitados de inglés que hablan un idioma que no sea el español pueden solicitar un intérprete antes de la audiencia en la corte por medio del Portal web de la corte para solicitar intérpretes (URL). La corte hará el mayor esfuerzo posible para programar un intérprete para la fecha y hora de su audiencia; sin embargo, no le podemos garantizar de que haya uno disponible en forma inmediata. Si tiene preguntas generales sobre los servicios de acceso lingüístico, envíe un mensaje a LanguageAccess@LACourt.org.

Thông Báo về Cổng Web Thẩm Quyền Hộ Sự Giới Hạn để Xin Cung Cấp Thông Dịch Viên

Tòa Thượng Thẩm Los Angeles cung cấp dịch vụ thông dịch viên miễn phí cho những bên kiện có khả năng Anh Ngữ giới hạn trong những phiên tòa có thẩm quyền Hộ Sự Giới Hạn. Có sẵn thông dịch viên tiếng Tây Ban Nha tại tất cả các tòa. Do đó, không cần phải xin cung cấp thông dịch viên tiếng Tây Ban Nha trước. Nếu quý vị cần thông dịch viên tiếng Tây Ban Nha, xin cho nhân viên phòng xử biết về nhu cầu của quý vị vào ngày quý vị ra tòa. Người có khả năng Anh Ngữ giới hạn và nói một ngôn ngữ không phải tiếng Tây Ban Nha có thể xin cung cấp thông dịch viên trước ngày có phiên tòa của họ qua Cổng Web của Tòa cho Các Yêu Cầu Cung Cấp Thông Dịch Viên (URL). Tuy tòa sẽ nỗ lực để tìm một thông dịch viên cho ngày giờ phiên tòa của quý vị, tòa không thể bảo đảm sẽ có ngay. Nếu quý vị có thắc mắc tổng quát về các dịch vụ ngôn ngữ, xin liên lạc với chúng tôi tại LanguageAccess@LACOURT.org.

DAL-001

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the Judicial Council of California. People with visual impairments can get assistance in viewing this form through the judicial branch website, at *www.courts.ca.gov.*

California law requires that you receive this information because the demand letter or court complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of people with disabilities to access public places.

**YOU HAVE IMPORTANT LEGAL OBLIGATIONS.** Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect, at *www.dgs.ca.gov/dsa.* Information is also available from the California Commission on Disability Access at *www.ccda.ca.guide.htm.*

**YOU HAVE IMPORTANT LEGAL RIGHTS.** The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully present an explanation of why you believe you have not in fact violated disability access laws or have corrected the violation or violations giving rise to the claim.

You have the right to seek assistance or advice about this demand letter or court complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint. If you have hired an attorney to represent you, you should immediately notify your attorney.

If a court complaint has been served on you, you will get a separate advisory notice with the complaint advising you of special options and procedures available to you under certain conditions.

**ADDITIONAL THINGS YOU SHOULD KNOW: ATTORNEY MISCONDUCT.** Except for limited circumstances, state law generally requires that a prelitigation demand letter from an attorney MAY NOT MAKE A REQUEST OR DEMAND FOR MONEY OR AN OFFER OR AGREEMENT TO ACCEPT MONEY. Moreover, a demand letter from an attorney MUST INCLUDE THE ATTORNEY'S STATE BAR LICENSE NUMBER.

If you believe the attorney who provided you with this notice and prelitigation demand letter is not complying with state law, you may send a copy of the demand letter you received from the attorney to the State Bar of California by facsimile transmission to 1-415-538-2171, or by mail to the State Bar of California, 180 Howard Street, San Francisco, CA 94105, Attention: Professional Competence.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
DAL-001 [Rev. July 1, 2016]

**IMPORTANT ADVISORY INFORMATION
FOR BUILDING OWNERS AND TENANTS
(Disability Access Litigation)**

Civil Code, § 55.3
www.courts.ca.gov

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

REDUCING YOUR DAMAGES. If you are a small business owner and correct all of the construction-related violations that are the basis of the complaint against you within 30 days of being served with the complaint, you may qualify for reduced damages. You may wish to consult an attorney to obtain legal advice. You may also wish to contact the California Commission on Disability Access for additional information about the rights and obligations of business owners.

COMMERCIAL TENANT. If you are a commercial tenant, you may not be responsible for ensuring that some or all portions of the premises you lease for your business, including common areas such as parking lots, are accessible to the public because those areas may be the responsibility of your landlord. You may want to refer to your lease agreement and consult with an attorney or contact your landlord, to determine if your landlord is responsible for maintaining and improving some or all of the areas you lease.